ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| VÍCTOR CARMONA RIVERA<br><br>Parte Peticionaria<br><br>v.<br><br>DR. LUIS O. RAMÍREZ FERRER, ET ALS.<br><br>Parte Recurrida | KLCE202300985 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Civil Núm.: ISCI201700994 Consolidado con MZ2019CV00760<br><br>Sobre: Daños y Perjuicios Impericia Médica |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores.

Rodríguez Flores, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 27 de septiembre de 2023.

Comparece el señor Víctor Carmona Rivera (Sr. Carmona) mediante recurso de *certiorari* y solicita que revoquemos una *Resolución* emitida el 28 de junio de 2023, y notificada el 6 de julio de 2023, por el Tribunal de Primera Instancia (TPI), Sala de Mayagüez. Mediante el referido dictamen, el TPI denegó la solicitud del Sr. Carmona para presentar una quinta demanda enmendada.

El recurrido Dr. Luis O. Ramírez Ferrer compareció mediante *Memorando en Oposición a Expedición de Auto de Certiorari,* con la que Mayagüez Medical Center coincidió en su escrito en *Oposición a Expedición de Auto de Certiorari y Uniéndonos a la Presentada por el Dr. Luis O. Ramírez Ferrer.*

Así pues, perfeccionado el recurso y evaluados los escritos de las partes, resolvemos denegar la expedición del auto de *certiorari.*

I.

El 24 de octubre de 2017, el Sr. Carmona presentó una demanda contra el Dr. Luis O. Ramírez Ferrer, el Dr. Raúl García Rinaldi y el Centro Médico de Mayagüez h/n/c Mayagüez Medical Center Dr. Ramón Emeterio Betances (Hospital) y otros codemandados, por los daños y perjuicios que alegó haber sufrido como consecuencia de los presuntos actos u omisiones negligentes y culposas incurridos por éstos en la intervención quirúrgica efectuada el 15 de octubre de 2015[1] y el pobre cuidado médico recibido por parte del hospital. (Civil Núm.: ISCI201700994).

El 18 de julio de 2018, notificada el 27 de julio de 2018, el TPI dictó una *Sentencia Parcial,* mediante la cual desestimó la demanda, sin perjuicio, en cuanto al codemandado Dr. Luis O. Ramírez Ferrer, por haberse diligenciado el emplazamiento en exceso del término de ciento veinte (120) a partir de su expedición.[2]

Así las cosas, el 20 de mayo de 2019, el Sr. Carmona presentó la demanda del caso MZ2019CV00760, contra los mismos codemandados y basada en las mismas alegaciones consignadas en el caso ISCI201700994. Además, el Sr. Carmona incorporó una alegación de falta de consentimiento informado para el procedimiento quirúrgico.

Evaluada la correspondiente solicitud de consolidación, el 9 de diciembre de 2019, se ordenó la consolidación de ambos casos.[3]

Luego de varios trámites procesales, el 11 de abril de 2023, el Sr. Carmona presentó una *Moción para Presentar Quinta Demanda Enmendada.* Específicamente, indicó que esta nueva enmienda "se apoya en la agravación de las condiciones de salud del demandante

---

[1] El demandante alegó haber interrumpido extrajudicialmente el término prescriptivo para instar su reclamación.

[2] El 28 de septiembre de 2018, el Tribunal de Apelaciones confirmó el dictamen, recurso KLAN201800926. No se apeló de dicha sentencia, por lo que la misma advino final y firme.

[3] Véase, notas del Sistema Unificado de Manejo y Administración de Casos (SUMAC) en el caso MZ2019CV00760.

Víctor Carmona Rivera y nuevas condiciones que tienen relación con los actos culposos y/o negligentes de los co-demandados".[4] Así también, adujo que la enmienda se fundamenta en

> … un documento informado sobre consentimiento para el procedimiento realizado al demandante Víctor Carmona Rivera, firmado por el Dr. Luis O. Ramírez Ferrer y que no fue firmado por el demandante y los co-demandados conocían o debían conocer de dicho documento, por lo que el mismo no es sorpresa para éstos.[5]

No obstante, de los hechos alegados en la *Quinta Demanda Enmendada* surge que ésta añade alegaciones contra una enfermera del Hospital, denominada Y. Sanabria t/c/c Jane Doe, quien presuntamente, obtuvo la firma del Sr. Carmona en un documento de autorización de procedimientos quirúrgicos en blanco, justo antes de comenzar la operación.[6]

El Dr. Luis O. Ramírez Ferrer presentó *Escrito en Oposición a Quinta Demanda Enmendada y Solicitud de Desglose.*[7] En síntesis, señaló que la enmienda es tardía porque incorpora alegaciones sobre asuntos que eran del conocimiento el demandante desde que incoó la demanda original; y que la demora en solicitar la enmienda dilataría los procedimientos y le ocasionaría perjuicio, pues lo obligaría a incurrir en gastos adicionales de descubrimiento de prueba.

Por su parte, el Sr. Carmona instó una *Contestación a Moción en Oposición a Quinta Demanda Enmendada*. En ésta, adujo que:

> La realidad fáctica que aquí no hay nada nuevo en la quinta demanda enmendada ya desde la tercera demanda enmendada se mencionó en el acápite 52 inciso B, donde se alegó con relación al consentimiento informado que la firma se obtuvo en un ambiente de prisa en un documento en blanco. Lo que se pretende plantear con las enmiendas sometidas en la quinta demanda, ampliar la narrativa de los hechos para atemperar el concepto de complicidad del hospital con un demandado, que le había otorgado privilegios bajo la

---

[4] Apéndice del recurso, pág. 92.
[5] *Íd.,* págs. 92-93.
[6] Véase, alegaciones 22-26 de la *Quinta Demanda Enmendada,* supra, págs. 94-107, a la pág.97.
[7] *Íd.,* págs. 138-142.

doctrina de responsabilidad corporativa y los cinco requisitos impuestos por la doctrina mencionada.[8]

De tal forma, explicó que el fin era adaptar sus alegaciones a lo resuelto en el caso *Cruz Flores, et al. v. Hosp. Ryder, et al.*, 210 DPR 465 (2022), 2022 TSPR 112[9]. Puntualizó que, mediante la enmienda solicitada, "no se trae ninguna nueva causa de acción, ni testigos adicionales. La misma se hace para atemperar el descubrimiento de prueba a las alegaciones".[10]

Evaluados los argumentos de las partes, el 28 de junio de 2023, el TPI dictó la *Resolución* objeto del presente recurso, mediante la cual denegó la solicitud del Sr. Carmona para presentar una quinta demanda enmendada.

En el dictamen, tras evaluar los factores que rigen la discreción de un tribunal para autorizar enmiendas a las alegaciones, el foro primario destacó que el Sr. Carmona había reconocido en su *Contestación a Moción en Oposición a Quinta Demanda Enmendada* que ésta no planteaba ninguna nueva causa de acción ni testigos adicionales. A continuación, el tribunal coligió que ello, sin embargo, contradecía lo expresado por el propio demandante en la *Moción para Presentar Quinta Demanda Enmendada,* en la que había articulado que la solicitud de enmienda relacionaba las complicaciones de las condiciones de salud del demandante y aquellas nuevas condiciones derivadas de los presuntos actos culposos y negligentes de los codemandados, así

---

[8] *Íd.,* págs. 112-137, a las págs. 114-115.

[9] En el caso de *Cruz Flores, et al. v. Hosp. Ryder, et al.,* supra, el Tribunal Supremo reiteró y especificó los contornos de la norma establecida en *Márquez Vega v. Martínez Rosado,* 116 DPR 397 (1985), sobre la adjudicación de responsabilidad civil extracontractual por impericia médica a las instituciones hospitalarias que incumplen con su obligación continua de velar por la salud y el bienestar de los pacientes que se encuentran en sus facilidades, de acuerdo con la teoría de responsabilidad corporativa. En particular, se resolvió que el hospital incurrió en negligencia al no supervisar adecuadamente los actos negligentes de un médico al cual le concedió el privilegio de utilizar sus facilidades para atender a sus pacientes privados, al omitir el cumplimiento de aquellas normas o políticas institucionales que prevén las consecuencias de determinados tratamientos empleados según la buena práctica de la medicina.

[10] *Íd.,* pág. 120.

como en la falta de consentimiento informado del paciente para la intervención quirúrgica. Ante ello, el TPI concluyó que:

> La parte demandante no ha sido clara en sus propósitos para solicitar la enmienda. De hecho, el Tribunal ha leído detenidamente la quinta demanda enmendada y todos los escritos presentados por las partes. Junto a la quinta demanda enmendada **se incluye el emplazamiento a Y. Sanabria t/c/c Jane Doe**. Las alegaciones 22, 23, 24, 25 y 26 son totalmente nuevas y contienen alegaciones contra esta enfermera del hospital, lo que ciertamente trae un nuevo codemandado al caso que bien pudo ser traída desde la radicación de la demanda en el 2017. De hecho, en la tercera demanda enmendada, radicada el 27 de enero de 2020, no surgen las alegaciones aludidas. Por tanto, **la enmienda solicitada y las razones de la misma no son las expresadas en la moción presentada**, no concuerdan con las alegaciones de la quinta demanda enmendada y son tardías, lo que claramente ocasiona perjuicio a las partes demandadas.[11]

Mediante *Resolución* emitida y notificada el 9 de agosto de 2023, el TPI declaró sin lugar la moción de reconsideración y solicitud de determinaciones de hechos y conclusiones de derecho.[12]

Inconforme, el 7 de septiembre de 2023, el Sr. Carmona instó el presente recurso de *certiorari* en el que apuntó los siguientes señalamientos de error:

> 1. Erró el Honorable Tribunal de Primera Instancia al no permitir la radicación de la quinta demanda enmendada para atemperar la casuística a las alegaciones del demandante en relación con el Centro Médico de Mayagüez.
>
> 2. Erró el Honorable Tribunal de Primera Instancia al no permitir la quinta demanda enmendada y determinar que las alegaciones en dicha demanda son tardías, lo que claramente ocasiona perjuicio a las partes demandadas.
>
> 3. Erró el Honorable Tribunal de Primera Instancia al declarar No ha Lugar la solicitud de la quinta demanda enmendada en manifiesta violación al propósito y espíritu de la Regla 13.1 de Procedimiento Civil, que favorece las enmiendas **cuando así lo requiera la justicia**. ¿Acaso no se hace justicia al demandante, quien fue víctima de un obvio y claro acto de impericia médica, donde en lugar de extraerle un adenoma, propósito de su cirugía, y en su lugar, extraerle un páncreas saludable, convirtiendo al demandante en un diabético crónico por el resto de su vida?

---

[11] *Íd.,* pág. 7. (Énfasis original).
[12] *Íd.,* pág. 8.

4. Erró el Honorable Tribunal de Primera Instancia al no autorizar que se incluyera como demandada a la empleada y enfermera del Hospital Centro Médico, Y. Sanabria por ser tardía su inclusión en clara violación al ordenamiento jurídico vigente, Véase *Arroyo v. Hosp. La Concepción*, 130 DPR 592 (1992).

5. Erró el Honorable Tribunal de Primera Instancia al determinar que autorizar la quinta demanda enmendada causaría perjuicio al demandado Centro Médico aun cuando nunca se opuso oportunamente bajo la Regla 6.1 y 8.4 de Procedimiento Civil, quedando sometida la quinta demanda enmendada sin oposición al respecto.

6. Erró el Honorable Tribunal de Primera Instancia al impedir que se señalaran los actos específicos de negligencia cometidos por el demandado Centro Médico bajo la doctrina de responsabilidad corporativa.

Por su parte, los recurridos Dr. Luis O. Ramírez Ferrer y Mayagüez Medical Center[13] exponen las razones por las cuales entienden que el recurso no cumple con los criterios para su expedición.

II.

El auto de *certiorari* es el vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones interlocutorias realizadas por un foro inferior. La expedición del auto descansa en la sana discreción del tribunal.[14]

En los casos civiles, la Regla 52.1 de Procedimiento Civil[15], delimita las instancias en las que procede que este Tribunal de Apelaciones expida el recurso de *certiorari.*[16] La citada Regla establece que el recurso sólo se expedirá cuando se recurra de una orden o resolución bajo remedios provisionales de la Regla 56,

---

[13] Ante el planteamiento de Mayagüez Medical Center, y a los fines de auscultar nuestra jurisdicción para considerar el recurso, corroboramos en el Sistema de Consulta de Casos del Portal del Poder Judicial y del mismo surge que el TPI fue notificado de la presentación del recurso el 8 de septiembre de 2023, a las 11:54 a.m., en el caso núm. ISCI201700994, sección de documentos. https://www.poderjudicial.pr/index.php/consulta de casos/ (última visita 19 de septiembre de 2023). Por tanto, tenemos jurisdicción para atender el recurso.
[14] *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce De León v. AIG,* 205 DPR 163, 174 (2020).
[15] 32 LPRA Ap. V, R. 52.1.
[16] *Caribbean Orthopedics v. Medshape et al.,* supra.; *Scotiabank v. ZAF Corp.,* 202 DPR 478, 486 (2019).

*injunctions* de la Regla 57, o de la denegatoria de una moción de carácter dispositivo. Por excepción, y en el ejercicio discrecional del foro apelativo, se podrá expedir el recurso cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, casos de relaciones de familia, casos revestidos de interés público o cualquier otra situación, en la que esperar por una apelación constituiría un fracaso irremediable de la justicia.[17] Según lo dispuesto en la Regla 52.1, *supra*, al denegar la expedición de un recurso de *certiorari*, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Por otro lado, la Regla 40 del Reglamento del Tribunal de Apelaciones[18] instituye los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*. Estos criterios son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

---

[17] *Íd.*
[18] 4 LPRA Ap. XXII-B, R. 40.

Ello impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro.[19] Por tanto, de no estar presente ninguno de los criterios esbozados, procede abstenernos de expedir el auto solicitado.

En fin, este Tribunal no habrá de intervenir con el ejercicio de la discreción del Tribunal de Primera Instancia, salvo en "un craso abuso de discreción o que el tribunal [haya actuado] con prejuicio y parcialidad, o que se [haya equivocado] en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial".[20]

III.

Evaluado el recurso, colegimos que la denegatoria del TPI a autorizar la quinta demanda enmendada no es uno de los asuntos contemplados en los supuestos de la Regla 52.1 de Procedimiento Civil, *supra,* en los que procede expedir el auto de *certiorari.* Tampoco el Sr. Carmona demostró la existencia de alguna de las circunstancias excepcionales dispuestas en la precitada regla, o de cualquiera de los criterios contemplados en la Regla 40 de nuestro Reglamento, *supra,* que justifique intervenir con el trámite pautado por el foro recurrido.

Empero, si bien no estamos obligados a fundamentar nuestra denegatoria, valga destacar que la actuación del TPI se amparó en la Regla 13.1 de Procedimiento Civil[21], que concede discreción a los tribunales para autorizar o denegar una enmienda a las alegaciones "liberalmente cuando la justicia así lo requiera". Es decir, dicho

---

[19] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008).
[20] *Lluch v. España Service,* 117 DPR 729, 745 (1986).
[21] 32 LPRA Ap. V, R. 13.1.

mecanismo descansa en la sana discreción del juzgador. En ese contexto, el Tribunal Supremo ha expresado que, para que se revoque la actuación del juez respecto a la concesión o denegatoria de una enmienda a una alegación, tiene que demostrarse un claro abuso de discreción o un perjuicio manifiesto a la parte contraria.[22] Ello no ocurrió en el presente caso.

Por tanto, en ausencia de los criterios de la Regla 52.1 de Procedimiento Civil, *supra*, o de algún otro de los contemplado en la Regla 40 de nuestro Reglamento, *supra*, nos abstenemos de intervenir con el dictamen recurrido.

IV.

A la luz de lo antes expuesto, denegamos la expedición del auto de *certiorari*.

**Notifíquese.**

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[22] *S.L.G. Font Bardón v. Mini-Warewhouse*, 179 DPR 322, 334 (2010), citando a *Neca Mortg. Corp. v. A & W Dev. S.E.,* 137 DPR 860, 868 (1995).